Jacqueline M. LANE

v.

Frank L. LANE.

Supreme Judicial Court of Maine.

Argued March 15, 1982.

Decided June 11, 1982.

Grover G. Alexander (orally), Gray, for plaintiff.

Brian R. Olson (orally), North Windham, for defendant.

Before McKUSICK, C. J., GODFREY, NICHOLS, ROBERTS, VIOLETTE, WATHEN, JJ., and DUFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.

In this custody case, the plaintiff, Jacqueline Lane, appeals from an order entered by the District Court, Portland, and affirmed without an evidentiary hearing by the Superior Court, Cumberland County, awarding custody of the parties' then four year old daughter to the defendant, Frank Lane. We affirm the judgment.

*Procedure*

On July 13, 1981, the Chief Justice for the Court remanded the instant case, pending appeal in the Law Court, to the District Court for disposition of the defendant's counterclaim for divorce in the light of *Parent v. Parent*, Me., 425 A.2d 975 (1981), since the District Court docket entries did not disclose any disposition thereof. The remand order by its terms did not purport to vacate the Superior Court order affirming the District Court judgment of divorce, nor the District Court judgment of divorce itself; rather, the order provided that, upon completion of proceedings on remand correcting the omission pursuant to Rule 74(e), M.R.Civ.P., the case would be restored to the Law Court docket.[1] The

1. We note that at the time of the remand order, Rule 80(d), M.R.Civ.P. did not provide for final-

defendant's counterclaim was dismissed in the District Court on September 14, 1981. Timely appeals were taken in the District Court from the previously entered divorce judgment and in the Superior Court from the previously entered Superior Court order affirming the District Court divorce judgment. We hold that there was a substantial compliance with the remand order and that the appellant's failure to have the respective courts renew their original adjudication did not in the procedural posture of this case cause this appeal to be premature.

### Merits

On September 29, 1979, Jacqueline Lane filed her complaint for divorce. The defendant, Frank Lane, then filed his own counterclaim for divorce. Each party requested custody of their minor child, Graynelle Lane, who was born in 1976. A full evidentiary hearing was held in District Court on November 6, 1980. The District Court judge granted the plaintiff's complaint, but awarded custody of the child to the defendant, with visitation rights to the plaintiff.

The plaintiff's argument on appeal is that the decision below was clearly erroneous. First, she contends that the evidence does not support a finding that the child's best interests would be served by awarding custody to the father. Second, she urges this Court to adopt the "tender years doctrine", which vouchsafes to the mother the presumption that, all things being equal, she is presumed to be best fitted to guide and care for children of tender years, asserting that the defendant in this case failed to rebut such a presumption.

ity of judgments in divorce or annulment proceedings, notwithstanding the pendency of a counterclaim in the action, as the amendment to the rule effective August 7, 1981 achieved. We take notice also that both Public Laws, 1981, c. 470, § 45 and c. 529, § 2, which the above stated rule implements, expressly excluded from the emergency legislation any judgment for divorce in which the appeal period had commenced but had not expired as of the effective date of the legislation. The appeal itself was pending, when the legislation took effect.

We first reiterate our oft-stated holding that the paramount consideration in deciding the question of custody is the well being, or best interest, of the child. See *Ziehm v. Ziehm*, Me., 433 A.2d 725, 729 n.5 (1981); *Cyr v. Cyr*, Me., 432 A.2d 793, 796 (1981); *Harmon v. Emerson*, Me., 425 A.2d 978 (1981); *Osier v. Osier*, Me., 410 A.2d 1027, 1030 (1980); *Buzzell v. Buzzell*, Me., 235 A.2d 828, 831 (1967); *Grover v. Grover*, 143 Me. 34, 37, 54 A.2d 637, 638–39 (1947); *Merchant v. Bussell*, 139 Me. 118, 27 A.2d 816 (1942). This Court has recently stated that the following factors, as well as others, may be considered in deciding which parent or other person should receive custody of a child:

the age of the child, the relationship of the child with his parents and any other persons who may significantly affect the child's best interests, the wishes of the parents as to the child's custody, the preference of the child (if old enough to express a meaningful preference), the duration and adequacy of the current custodial arrangement and the desirability of maintaining continuity, the stability of the proposed custodial arrangement, the motivation of the competing parties and their capacity to give the child love, affection and guidance, and the child's adjustment to his present home, school and community.

*Costigan v. Costigan*, Me., 418 A.2d 1144, 1146 (1980). See also *Huff v. Huff*, Me., 444 A.2d 396, 398 (1982). This Court has never sanctioned the application of a rebuttable presumption in favor of the mother in custody cases and we see no reason to do so at this time.[2] Sensitive to the current

2. Some jurisdictions do apply a presumption in favor of the mother in varying situations. See *Foster and Freed*, "Life With Father: 1978", 4 *Fam.L.A.* 321, 332 (1978). However, the trend is clearly towards abolishing or limiting the scope of application of the doctrine. See, e.g., *Ex Parte Devine*, Ala., 398 So.2d 686 (1981); *State ex rel. Watts v. Watts*, 77 Misc.2d 178, 350 N.Y.S.2d 285 (Fam.Ct.1973); Annot., 70 A.L.R.3d 262. We do not feel compelled to consider each of the various permutations of the tender years doctrine, since we reject the assumptions on which the doctrine must rest.

changes in societal perceptions of gender roles generally and in parenting specifically, we see no sufficient reason to accept the plaintiff's suggestion that we adopt a presumption in favor of the mother. We remain convinced that the best rule is the one we have followed for many years, *i.e.* the best interests of the child should be the primary consideration.

The plaintiff has also challenged the sufficiency of the evidence supporting the custody order.

 The District Court judge in this case did not make, nor was he requested by either party to make, any findings of fact. Therefore, on appeal this Court must assume that the presiding judge "found for the [defendant] upon all issues of fact necessarily involved in his ultimate decision which was favorable to" him. *Harmon v. Emerson*, Me., 425 A.2d 978, 981 (1981). The decision of the District Court must be affirmed, if there is any competent evidence in the record to support it, and can be reversed only if the assumed findings of the lower court were clearly erroneous. *Id.* While we agree that this is a case where both parents are *capable* of caring for the child, we cannot say that the judge below erred in finding that the best interests of the child would be better served by awarding custody to the defendant.

The record indicates that the social worker who was assigned to do a custody study on the Lane family recommended that the defendant be given custody of the child. At the custody hearing, he testified that during his visits with the parties the plaintiff appeared to have some difficulty disciplining her child; but that the defendant was "able to set limits on the child's behavior." He indicated that the defendant had made efforts to rearrange his schedule to accomodate the child's needs during the course of the study and to take care of her if he were granted custody. The plaintiff apparently had not established a plan for full time child care. The social worker stated that only the defendant had responded affirmatively to his concerns about the child's habit of sleeping in the same bed with the parent with whom she was staying during the custody dispute.

The trial judge in custody cases is asked to make an unquestionably difficult decision. He or she has great discretion in making this determination. *Harmon v. Emerson, supra* at 983. On this record, we find that the presiding judge did not abuse the discretion with which he is invested.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.