**Cathy L. VEILLEUX**

v.

**Robert F. VEILLEUX.**

Supreme Judicial Court of Maine.

Argued Sept. 19, 1989.

Decided Oct. 19, 1989.

Daniel W. Mooers (orally), Portland, for plaintiff.

Michael J. Welch (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Robert F. Veilleux appeals from a divorce judgment entered in the District Court (Brunswick, *MacNichol, J.*) and affirmed by the Superior Court (Cumberland County, *Alexander, J.*). He challenges the trial court's determination that money from his mother used for the construction of a house and improvements on non-marital real estate was intended to be a gift jointly to him and his wife, and the court's admission in evidence of an envelope as evidence

**96**

of the mother's intent. We affirm the judgment.

■ The trial court heard conflicting testimony about the circumstances surrounding gifts totaling approximately $140,000 from the husband's mother that were used to construct the marital home and improvements on a lot owned by the husband prior to the marriage. The court was not bound to accept the testimony of mother and son as to the nature of such gifts as being for the exclusive benefit for the son. The party attempting to prove that property acquired during marriage is non-marital bears the burden of overcoming the statutory presumption. 19 M.R.S.A. § 722–A(3) (1981); *Moulton v. Moulton,* 485 A.2d 976, 978 (Me.1984). The showing required to overcome the presumption is one of fact reviewable for clear error. *See Harmon v. Emerson,* 425 A.2d 978, 981 (Me.1981). On the evidence before it, the court rationally could conclude that the mother intended to make a joint gift to the husband and wife, despite her subsequent statements to the contrary.

■ Moreover, we conclude that the testimony of the wife identifying an envelope as coming from the mother with her writing on it was sufficient authentication to permit its admission under M.R.Evid. 901 despite the mother's testimony of denial. The court need not accept the mother's denial of the authenticity of the document. Field & Murray, *Maine Evidence,* § 901.2 at 390 (1987). In addition, the court could compare the contested exhibit with an uncontested writing. *Hickory v. United States,* 151 U.S. 303, 306, 14 S.Ct. 334, 335, 38 L.Ed. 170 (1894).

The entry is:

Judgment affirmed.

All concurring.