**George P. STOWELL, III**

v.

**Rosemary E. SWIFT.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 13, 1990.
Decided June 29, 1990.

David Q. Whittier, South Paris, for plaintiff.

Anthony K. Ferguson, Fales & Fales, Lewiston, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

The defendant, Rosemary Swift, appeals from the judgment entered in the Superior Court (Oxford County, *Delahanty, J.*), affirming the judgment of the District Court (South Paris, *Sheldon, J.*) entered in favor of the plaintiff, George P. Stowell, III, in his action to quiet and establish title to a certain parcel of uncultivated land located in Greenwood to which Swift claimed record title. Swift contends, as she did before the Superior Court, that the District Court erred in finding that by adverse possession Stowell had title to the disputed property. We hold that the District Court properly found that Stowell had established the prerequisites of title by adverse possession pursuant to 14 M.R.S.A. §§ 801 and 816 (1980) and *Johnson v. Town of Dedham*, 490 A.2d 1187 (Me.1985), and affirm the judgment of the Superior Court.

The record revealed two chains of title to the property in question. Stowell traces his title to the property to the deed from Florence H. Swift to Harry M. Swift, her husband, dated January 22, 1927 and recorded January 28, 1974; and the deed from Harry M. Swift to Stowell dated November 9, 1971 and recorded February 18, 1972. Swift, the widow and devisee of William Rodney Swift, who died in October 1977, traces her title to the property to the deed from Florence H. Swift to William Rodney Swift, her son, dated March 22, 1933 and recorded October 28, 1933. Because Swift's prior recorded deed established her record title to the property,[1] it became incumbent upon Stowell to prove his claim to the title of the property by adverse possession. The burden of proof by a fair preponderance of the evidence is on the claimant of the title to property by adverse possession. *Milliken v. Buswell*, 313 A.2d 111, 117 (Me.1973). Title by adverse possession may be established either under the common law or pursuant to statutory provisions. *Johnson v. Town of Dedham*, 490 A.2d 1187, 1189 (Me.1985). To establish title by adverse possession under the common law, the claimant must prove his possession was actual, open, notorious, under a claim of right, continuous and exclusive for a period of at least 20 years. *Id.* 14 M.R.S.A. §§ 801 and 816 set forth the criteria for establishing title by adverse possession to uncultivated lands in incorporated places. These sections require the claimant to (1) claim the property under a recorded deed, (2) pay all the taxes on the property for a 20–year period, and (3) hold such exclusive, peaceable, continuous and adverse possession as comports with the ordinary management of such uncultivated lands for a 20–year period.

The District Court heard evidence that since the date of the deed from Florence H. Swift to Harry M. Swift, Stowell or his predecessor in interest had occupied the property continuously. They had used the property for cutting firewood, selling gravel, family picnics, hunting and other activi-

[1]. Priority is given to the first recorded conveyance if the grantee of that conveyance has no actual knowledge of a prior unrecorded deed. 33 M.R.S.A. § 201 (1988).

ties. Prior to Florence's death, she had joined Harry in conveying various portions of the property. Harry had conveyed three other portions of the property after the death of Florence and prior to conveying the remaining disputed portion to Stowell. Since 1927, Stowell or his predecessor in interest had paid the taxes on the property. There was also evidence that William and Rosemary had never expressed any ownership interest in the property. Stowell testified that he felt he owned the property and intended to retain it unless ordered by the court to do otherwise. Swift did not testify and offered no contrary evidence.

The record in this case discloses that the District Court's decision was amply supported by admissible and credible evidence and, accordingly, must be affirmed. *See Lane v. Lane*, 446 A.2d 418, 420 (Me.1982) (decision of the District Court must be affirmed if any competent evidence in the record to support it).

The entry is:

Judgment affirmed.

All concurring.