**Colleen M. BENNETT**

v.

**Lloyd BENNETT.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 14, 1991.

Decided March 13, 1991.

Francis Jackson, Portland, for plaintiff.

Michael P. Asen, Mittel, Asen, Eggert & Hunter, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

GLASSMAN, Justice.

Lloyd Bennett appeals from the judgment entered in the Superior Court (Cumberland County, *Beaudoin, J.*) granting a divorce to Colleen M. Bennett. Lloyd contends that the court erred by (1) denying his motion to require Colleen to sign and submit to the court for its approval an agreement alleged to have been reached between the parties through mediation, (2) finding that the family business and its premises are marital property, (3) finding that Lloyd's gross annual income exceeded that of Lloyd's estimate, (4) awarding to Colleen the equity in the marital residence, and (5) determining that the primary residence of the parties' three minor children be with Colleen. We affirm the judgment.

Lloyd first contends that the provisions of 19 M.R.S.A. § 665 (Supp.1990) required the trial court to grant his motion to compel Colleen to sign and submit to the court the alleged agreement of the parties. We disagree. Section 665 provides:

[t]he court may, in any case under this subchapter, at any time refer the parties to mediation on any issues. *Any agreement reached by the parties through mediation on any issues shall be reduced to writing, signed by the parties and presented to the court for approval*

*as a court order.* When agreement through mediation is not reached on any issue the court must determine that the parties made a good faith effort to mediate the issue before proceeding with a hearing. If the court finds that either party failed to make a good faith effort to mediate, the court may order the parties to submit to mediation, may dismiss the action or any part of the action, may render a decision or judgment by default, may assess attorney's fees and costs or may impose any other sanction that is appropriate in the circumstances. (Emphasis added).

Section 665 allows the parties to a divorce action to attempt through mediation to reach an agreement on any of the issues presented by that action without the involvement of the court in the mediation process. The provisions in section 665 governing the requirements of an agreement reached through mediation explicitly assure the court of the parties' consent to and willingness to be bound by the terms of their agreement. Absent such a signed, written agreement being submitted to it, the court makes a determination of the issues presented by an action for divorce based on the evidence adduced by the parties at the time of the trial of that action.

■ Lloyd did not contend before the trial court, nor does he here, that Colleen failed to make a good faith effort to mediate, thereby engaging the authority provided in section 665 for the court to impose such sanctions as the court in its discretion deems appropriate in the circumstances. His contention is that because Colleen did not sign the alleged mediated agreement between the parties, section 665 mandates that the court order Colleen to sign the document and submit it to the court for its approval. To read such a mandate into the language of section 665 would of necessity require the trial court to engage in the time-consuming process of exploring what transpired between the parties during the course of the mediation in order to determine if they had reached any agreement and, if so, the actual terms of that agreement. Clearly, this is contrary to and would undermine the basic policy of the mediation process that parties be encouraged to arrive at a settlement of disputed issues without the intervention of the court. Accordingly, the trial court properly denied Lloyd's motion requesting that the court order Colleen to sign and submit to the court for its approval the alleged agreement of the parties.

■ Lloyd next contends that the court erred in finding that the family business and its premises were marital property rather than a gift to Lloyd. We disagree. Property acquired during a marriage is presumed to be marital property unless this statutory presumption is rebutted by the party who seeks to characterize the acquisition as a gift. *See* 19 M.R.S.A. § 722–A(2)(A) (Supp.1990). "The showing required to overcome the presumption is one of fact reviewable for clear error." *Veilleux v. Veilleux,* 565 A.2d 95, 96 (Me. 1989). We have previously stated that an effective *inter vivos* gift requires three elements: (1) donative intent, (2) delivery with intent to surrender all dominion over the property, and (3) acceptance by the donee. *Brackett v. Larrivee,* 562 A.2d 138, 139 (Me.1989).

■ In the present case, the parties stipulated that the family business and its premises owned by Lloyd's mother had a value of $250,000. The court also heard testimony that since their marriage in 1970 both Lloyd and Colleen had worked in that business and that Lloyd's mother was desirous of keeping the business in her family. Two days after Lloyd's mother conveyed this property to Lloyd, Lloyd and Colleen secured a loan in the amount of $100,000 for which each was liable and paid $50,000 to Lloyd's mother and the remaining $50,000 to satisfy outstanding debts of the business. Based on this evidence, the court could rationally find that the transaction was not a gift but was in the nature of a sale-purchase agreement for less than full market value for which the proceeds of the loan provided the consideration for purchase. Accordingly, we find no error in the court's determination that the property was marital.

We find no merit in Lloyd's other contentions on appeal. The evidence in the record supports the court's finding as to Lloyd's gross annual income and discloses uncontroverted evidence from which the court could have concluded that due to the generous supplementation of Lloyd's earnings from the business his estimate of his resources available for child support was not credible. The court did not abuse its discretion by awarding the business and its premises to Lloyd and the family residence to Colleen, *see West v. West,* 550 A.2d 1132, 1133 n. 43 (Me.1988), nor in determining that the interests of the parties' minor children would best be served by continuing their primary residence with Colleen. *See Villa v. Smith,* 534 A.2d 1310, 1312 (Me. 1987); *Lane v. Lane,* 446 A.2d 418, 420 (Me.1982).

The entry is:

Judgment affirmed.

All concurring.