Carl TERISON, Jr.

v.

Maureen TERISON.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 21, 1991.

Decided Jan. 6, 1992.

Michael A. Feldman, Elizabeth Burns, Glover & Feldman, Brunswick, for plaintiff.

Daniel P. Barrett, Neale A. Duffett, Cloutier, Barrett, Cloutier & Conley, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

The defendant, Maureen Terison, appeals from a Superior Court (Cumberland County, *Alexander, J.*) order affirming a District Court (Portland, *MacNichol, J.*) divorce judgment granted on her husband's complaint. The wife contends that the District Court erred in its determination that the family's apple orchard was her husband's non-marital property, that the court's division of the marital estate was unjust, and that the court failed to consider the requisite statutory criteria under 19 M.R.S.A. § 721 in awarding alimony. We affirm the judgment.

The Terisons were married in 1963 and raised two sons, both now adults. Throughout their marriage the family was supported by the husband, who worked in his father's apple orchard. The wife is fifty-one-years-old and, outside of some work in the orchard and a brief stint as a part-time maid in a motel, has no employment history or training.

In 1967, the husband's father deeded the orchard to the husband and himself as joint tenants. In 1970, he executed a second deed, conveying all remaining rights he held in the orchard to the husband. At the same time, the husband signed a $10,000 note to his father that was secured by a mortgage on the orchard. The husband and wife were divorced on September 26, 1990. The wife unsuccessfully appealed the judgment to Superior Court and this appeal followed.

██ Where the Superior Court acts as an intermediate appellate tribunal, we review the District Court's decision as though on initial appellate review. *Cole v. Cole*, 561 A.2d 1018, 1019 (Me.1989). The District Court's findings of fact will not be set aside unless clearly erroneous, and its holding with respect to the award of alimony and division of the marital estate will be affirmed unless "the court has violated some positive rule of law or has reached a result which is plainly and unmistakably an injustice...." *Deditch v. Deditch*, 584 A.2d 649, 651 (Me.1990).

I

██ The wife argues that because her husband gave his father a $10,000 note at the same time that the father transferred all his remaining rights in the orchard, the transaction was a sale and not a gift. She claims the discrepancy between the amount of the note, $10,000, and the value of a one-half interest in the orchard, $55,000 (in 1970), does not change the transaction's status from a sale to a gift.

Under 19 M.R.S.A. § 722–A(2)(A), property acquired during a marriage is pre-

sumed to be marital property unless the party attempting to characterize it as non-marital property, in this instance a gift, successfully rebuts the statutory presumption. *Bennett v. Bennett*, 587 A.2d 463, 464 (Me.1991). "The showing required to overcome the presumption is one of fact, reviewable for clear error." *Id.* (quoting *Veilleux v. Veilleux*, 565 A.2d 95, 96 (Me. 1989)).

Based on the testimony of the husband, and other corroborative evidence, the District Court found that the entire transfer of the orchard completed in 1970 was a gift, and that the note represented a separate agreement between him and his father designed to supplement the elder Terison's retirement income and give him some small role in the business. There is sufficient evidence in the record to support the trial court's finding that the orchard was intended as a gift to the husband, including the wife's testimony that her father-in-law wanted her husband to inherit the orchard.

## II

■ The wife argues that the court failed to consider her contributions as a homemaker, the value of non-marital property retained by her husband, and the economic circumstances of the parties following the divorce in its division of the marital estate. We review a division of marital property for abuse of discretion and will affirm unless it is unmistakably unjust. *Deditch v. Deditch*, 584 A.2d at 651. The record supports a finding that the wife's contribution as a homemaker was not substantial. In addition, there is uncontroverted testimony that the orchard was only marginally profitable, and that the husband had relied on his inheritance to supplement the family's income. For the last two years he earned less than $10,000 operating the orchard. The court found that the wife was able to work. Based on these findings, the court's division of the marital estate was not an abuse of discretion.

## III

■ The court awarded the wife $2,000 in alimony for the year following the divorce and $1,200 a year thereafter. She was allowed to remain in the family home without paying rent until it was sold, and the husband was ordered to pay for her medical insurance while she lived there. Given the husband's meager income from the orchard and the wife's ability to work, the alimony award was not abuse of discretion.

The entry is:

Judgment affirmed.

All concurring.