**Cindy L. STAFFORD v.
David C. STAFFORD**

[641 A.2d 348]

No. 93-112

November 19, 1993. Defendant husband appeals from a final divorce order of the Windham Family Court dividing the marital property, awarding maintenance, and granting plaintiff wife sole custody of the parties' two children. We affirm.

Defendant's principal arguments relate to the court's treatment of evidence about his infidelity. Plaintiff's testimony raised the issue of defendant's sexual misconduct during the marriage, which had not been specifically identified as an issue prior to trial, either during pretrial status conferences or otherwise. Defendant objected to that testimony and to plaintiff's exhibit, headed "My List," which appeared to be an inventory and description of sexual encounters with numerous women. Plaintiff testified that she found the document in the directory of the family's computer and that it was similar to a notebook that she had discovered in defendant's handwriting giving similar accounts. The notebook had disappeared or been lost.

Defendant relies here on V.R.F.P. 4(c)(4), which provides for pretrial status conferences and, in contested cases, requires the court to inquire "whether issues relating to infidelity . . . will be raised at the hearing." Although four status conferences were held, the court never inquired about infidelity, and plaintiff did not disclose it as an issue. Defendant never raised the family rule below, and, in any event, it is not an exclusionary rule. Failure to comply with the rule can lead to discovery sanctions, see Reporter's Notes, V.R.F.P. 4, which are in the discretion of the court. See *In re R.M.*, 150 Vt. 59, 64, 549 A.2d 1050, 1053 (1988). Here, the court gave defendant an opportunity to respond to the infidelity allegation, but he failed to avail himself of it. There was no abuse of discretion.

Defendant also contends that the exhibit known as "My List" was not properly authenticated and should not have been admitted into evidence. V.R.E. 901(a) states that the requirement of authentication "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." "Testimony of a witness with knowledge" can serve as that evidence. V.R.E. 901(b)(1). Plaintiff's testimony of the source of the document as a file in the family computer was sufficient to identify what it was. See *Veilleux v. Veilleux*, 565 A.2d 95, 96 (Me. 1989) (wife's identification of envelope as coming from mother-in-law sufficient authentication even in light of latter's denial). The presence in the family computer, along with the presence of the information in the notebook, provided prima facie authenticity as defendant's document. See *United States v. Black*, 767 F.2d 1334, 1342 (9th Cir.) (proponent need only make a prima facie showing of authenticity), *cert. denied*, 474 U.S. 1022 (1985). It was up to the court to decide whether the document was, in fact, generated by defendant. There was no error in admitting the exhibit or in finding from it that defendant had been unfaithful.

There was also no error in refusing to exclude the exhibit under V.R.E. 403. Surprise is not a ground for exclusion under the rule. See Reporter's Notes, V.R.E. 403. The exhibit was probative of defendant's infidelity. The court's ruling is highly discretionary, see *State v. Percy*, 158 Vt. 410, 415, 612 A.2d 1119, 1123 (1992), and there was no abuse of that discretion.

Defendant challenges the distribution of the marital assets and debts, specifically as to the parties' home and as to an income tax liability. The court made a thorough examination of the property distribution factors specified in 15 V.S.A. § 751(b). It awarded the house to plaintiff primarily so that the minor children, whose custody was awarded to plaintiff, could continue to reside there. See 15 V.S.A. § 751(b)(9). Although defendant did not receive compensation for his interest in the house, the distribution overall was reasonable. We find no abuse of the broad discretion of the court in this decision. See *Milligan v. Milligan*, 158 Vt. 436, 439, 613 A.2d 1281, 1283 (1992) (trial court's distribution of property will not be disturbed unless discretion abused, withheld or exercised unreasonably or on untenable grounds).

The evidence on the income tax liability, and the fault for a penalty, was sharply contested. The court resolved the contest in favor of plaintiff and found "in fairness" that the liability "is appropriately assigned to the defendant." The finding is not clearly erroneous and must stand. See *Goodrich v. Goodrich*, 158 Vt. 587, 590, 613 A.2d 203, 205 (1992) (upholding stock valuation as based on credible evidence and not clearly erroneous).

Defendant's broadside attack on the maintenance award is unavailing. The facts here are very similar to those in *Strauss v. Strauss*, 160 Vt. 335, 342, 628 A.2d 552, 556 (1993), in which we held a mixture of rehabilitative and permanent maintenance was necessary. In this case, the order of rehabilitative maintenance of $300 per month for ten years, and permanent maintenance of $200 per month, is consistent with *Strauss*.

Finally, we affirm the award to plaintiff of parental rights and responsibilities for the two minor children of the parties. Plaintiff has been the primary caretaker of the children, and the court found her relationship to the children was

"outstanding." See *Harris v. Harris*, 149 Vt. 410, 418–19, 546 A.2d 208, 214 (1988). The court's findings show that it took the factors specified in 15 V.S.A. § 665(b) into consideration. See *id.* at 414, 546 A.2d at 211 ("'It is sufficient if the findings as a whole reflect that the trial court has taken the statutory factors into consideration . . . .'") (quoting *Rosenfeld v. Rosenfeld*, 249 N.W.2d 168, 171–72 (Minn. 1976)). There is no error.

*Affirmed.*