1997 ME 136

**Patricia G. RYAN**

v.

**Kevin J. RYAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 25, 1997.

Decided June 25, 1997.

Roberta S. Kuriloff, Platner & Kuriloff, Ellsworth, for plaintiff.

Roger G. Innes, Mt. Desert, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, and RUDMAN, JJ.

ROBERTS, Justice.

[¶ 1] Kevin J. Ryan appeals from the judgment entered in the Superior Court (Hancock County, *Marsano, J.*) granting a divorce to the parties and awarding alimony to Patricia G. Ryan. Kevin argues the alimony award is erroneous because it inappropriately considers the potential financial impact of his impending retirement. We agree, and modify the judgment.

[¶ 2] The Ryans were married for almost thirty years when the court heard Patricia's divorce complaint in 1996. At that time Kevin was 60 years of age and she was 51. During the marriage Patricia assumed the role of homemaker and Kevin pursued his career maintaining electronic equipment for the United States Navy. Kevin's job required the family to live in different parts of the world, and his present employment contract obligates him to live and work in Guam. Patricia has worked as a secretary since she and Kevin separated.

[¶ 3] Kevin and Patricia had a substantial amount of tangible and intangible personal property, which the court divided roughly equally. The court also set aside to Kevin his entire retirement pension fund, but required him to make a payment to Patricia to effect a substantially equal distribution of the marital assets. Based on its value at the time of the divorce, the fund would provide Kevin with a monthly benefit of $1,737 on his retirement.

[¶ 4] In considering alimony for Patricia, the court noted that her earning capacity was far less than that of Kevin. His base salary was $71,000 and he received a variety of incentive payments that substantially increased his income when he was on foreign assignments. For example, in 1995 he earned $140,000, and in 1996 he expected to earn about $120,000. The court concluded that during Kevin's remaining "life work ex-

pectancy" he could reasonably be expected to earn at least $100,000 per year. The court also found, however, that Kevin intended to retire "in the not too distant future." Kevin testified that he hoped to retire within a couple of years and would remain in Guam until that time. With regard to Patricia's earnings, the court found her maximum potential to be $30,000 per year.

[¶ 5] The court cited the following factors as important to its alimony determination: The thirty-year length of the marriage, Kevin's ability to pay, Patricia's contributions for many years as a homemaker, and the parties' higher-than-average standard of living during the marriage. The court also noted that Kevin had increased his earnings by undertaking "hardship tours" of employment, and that he had a "right to cease that activity within a reasonable time given his age and desire to retire." Based on those considerations, the court ordered Kevin to pay alimony of $1,500 per month "until such time as [he] retires." Thereafter, Kevin was ordered to make monthly payments of $1,200.

[¶ 6] An award of alimony is addressed to the sound discretion of the trial court and is reviewed for an abuse of its discretion. *Noyes v. Noyes*, 662 A.2d 921, 922 (Me.1995). We will not disturb the court's decision as to alimony unless it violates some positive rule of law or has reached a result that is plainly and unmistakably an injustice. *Sewall v. Snook*, 687 A.2d 234, 235 (Me.1996). Alimony must be "reasonable both in amount and in the method of payment giving regard to the situation, both at present and for the foreseeable future, of both spouses." *Klopp v. Klopp*, 598 A.2d 462, 464 (Me.1991) (citing *Bryant v. Bryant*, 411 A.2d 391, 395 (Me.1980)). In determining an award of alimony, the court is required to consider the factors enumerated in 19 M.R.S.A. § 721 (Supp.1996).[1]

[¶ 7] The facts of this case pose a number of unanswered questions that have an important impact on Kevin's alimony obligation after his retirement. In particular, Kevin's retirement date is a matter of speculation. Given his income from employment, his ability to afford post-retirement alimony could be significantly enhanced if he chooses to work a few more years. Also unknown at this time is Kevin's post-retirement income, which could be influenced by how much longer he works. In addition, it is highly speculative to predict how much Patricia will be earning after Kevin's retirement, whenever that occurs. None of these variables can be measured appropriately until Kevin actually retires.

[¶ 8] We conclude that the court prematurely attempted to weigh these factors. Although the determination of alimony requires the court to consider the employment and income potential of each party, the court's approach in this case effectively forecloses Kevin's ability to seek a future modification of alimony based on the economic circumstances that will prevail after his retirement. Such a result is a plain and unmistakable injustice. *Sewall v. Snook*, 687 A.2d at 235. The court simply looked too far into the future by trying to fix the economic conse-

---

1.  That section provides:
    § 721. **Alimony**
    1. **Factors.** The court shall consider the following factors when determining an award of alimony:
    A.  The length of the marriage;
    B.  The ability of each party to pay;
    C.  The age of each party;
    D.  The employment history and employment potential of each party;
    E.  The income history and income potential of each party;
    F.  The education and training of each party;
    G.  The provisions for retirement and health insurance benefits of each party;
    H.  The tax consequences of the division of marital property, including the tax conse-
    quences of the sale of the marital home, if applicable;
    I.  The health and disabilities of each party;
    J.  The tax consequences of an alimony award;
    K.  The contributions of either party as a homemaker;
    L.  The contributions of either party to the education or earning potential of the other party;
    M.  Economic misconduct by either party resulting in the diminution of marital property or income;
    N.  The standard of living of the parties during the marriage; and
    O.  Any other factors the court considers appropriate.

quences of Kevin's retirement, an event that could have a substantial impact on his alimony obligation. A more appropriate approach would be to leave the $1,500 per month alimony award in place without providing a reduction on Kevin's retirement, thus preserving the ability of either party to reopen the relevant economic issues at a more propitious time.

The entry is:

Judgment vacated.

Remanded with instruction to amend the judgment to delete any provision for the reduction of alimony payments on the retirement of Kevin Ryan.

