1998 ME 62

**Irene M. KETCHUM**

v.

**Kenneth E. KETCHUM.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 13, 1998.

Decided March 25, 1998.

Martha J. Harris, Paine, Lynch & Harris, P.A., Bangor, for plaintiff.

Robert Ringer, Daviau, Jabar & Batten, Waterville, for defendant.

Before ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] Irene M. Ketchum appeals from the divorce judgment entered in the Superior Court (Somerset County, *Marsano, J.*) contending that the court's findings were not based on evidence in the record and that the court exceeded the bounds of its discretion in its division of marital property and by its award of alimony and attorney fees. We agree that the court cannot order periodic payments as a division of marital property and designate those payments as alimony, and that the court cannot base its termination of alimony on speculative predictions of future economic conditions. We vacate the judgment.

### I.

[¶ 2] Irene and Kenneth Ketchum were married in May, 1962, and thirty-four years later Irene sought a divorce. In its judgment awarding a divorce to the parties, the court: (i) ordered Kenneth to provide Irene $50 per week "as alimony" until Irene reached the age of 65 "in order to equalize the distribution of the marital assets of the parties"; (ii) ordered Kenneth to pay Irene $125 per week "as spousal support in the nature of alimony" terminable by, *inter alia,* Irene's eligibility for Social Security disability income benefits or retirement benefits; and (iii) divided the parties' marital property.

### II.

[¶ 3] In determining alimony, the trial court is required to consider the factors enumerated in the alimony statute.[1] *Ramsdell v. Ramsdell,* 1997 ME 14, ¶ 5, 688 A.2d 918, 920. We review an alimony award for an abuse of discretion and will not disturb the decision unless it violates "some positive rule of law or has reached a result which is plainly and unmistakably an injustice." *Quin v. Quinn,* 641 A.2d 180, 181 (Me.1994) (quoting *Terison v. Terison,* 600 A.2d 1123, 1124 (Me.1992)). The factual findings underlying an award of alimony are reviewed for clear error. *See id.*

[¶ 4] The primary purpose of alimony is to provide for the future needs of the divorcing spouse and to act as a substitute for the loss of support enjoyed during the marriage. *See Harding v. Murray,* 623 A.2d 172, 176 (Me.1993). In this case, however, the court stated that the only purpose of part of its alimony award was to create a just division of the marital assets. We express no opinion on the fairness of that division, deciding only that it cannot be labeled "alimony" because the award bore no relationship to the future maintenance and support needs of Irene. *See Noyes v. Noyes,* 662 A.2d 921, 922–23 (Me.1995) ("purpose of alimony is to provide maintenance and support for the future needs of the payee spouse") (internal quotations and citations omitted).[2]

[¶ 5] The trial court further erred by ordering the alimony award to Irene to cease at such time as she receives Social Security benefits. There is no evidence in the record concerning the amount of Social Security benefits to which Irene may be entitled, nor evidence of other income to which Irene may be entitled, nor evidence of what

---

1. At the time of this divorce action, the statute defining the factors that the court should consider in determining spousal support was 19 M.R.S.A. § 721. Those factors are now set forth in 19-A M.R.S.A. § 951 (1997).

2. While we agree that the court erred in its use of alimony to divide the marital estate, we note that a trial court may fashion a marital property division that includes periodic payments to effectuate a just and equitable property division. *See*

*Booth v. Booth,* 640 A.2d 1063, 1064–65 (Me. 1994) (court did not exceed its authority when it ordered spouse to pay certain sum in monthly installments to effectuate a just property division); *see also Lord v. Lord,* 454 A.2d 830, 834 (Me.1983) (statute governing the division of marital property confers on the court not only the authority to divide the marital estate but also "those powers necessary to render effective the power to divide").

her economic needs will be at the time she begins receiving Social Security benefits. Alimony awards may not be based on speculative predictions of future economic circumstances. *See Ryan v. Ryan,* 1997 ME 136 ¶ 8, 697 A.2d 60, 61–62 ("[t]he court simply looked too far into the future by trying to fix the economic consequences of [spouse's] retirement").

## III.

[¶ 6] Contrary to Irene's contentions, the Superior Court did not exceed the bounds of its discretion in its award of attorney fees, nor were its implicit findings of fact clearly erroneous. *See Harding,* 623 A.2d at 177 (court will not disturb the divorce court's award of attorney fees unless it abused its discretion in setting that amount); *Powell v. Powell,* 645 A.2d 622, 623 (Me.1994) (when a party fails to make a timely motion for findings of fact or amendment of findings of fact pursuant to M.R. Civ. P. 52, court assumes

the divorce court found all of the facts necessary to support the judgment and reviews implicit findings for clear error).[3] Recognizing the relationship between alimony and the marital property division in creating a complete and equitable divorce judgment, we vacate the entire divorce judgment "in order that equity be done to both parties by the overall financial result of this divorce." *Dunning v. Dunning,* 495 A.2d 821, 824 (Me. 1985).

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

---

**3.** We note that the appellant also filed an untimely motion for a new trial.