1998 ME 248

Janine HEDRICH

v.

David S. HEDRICH.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 28, 1998.

Decided Nov. 23, 1998.

---

Philip D. Buckley, Virginia Kozak Putnam, Rudman & Winchell, LLC, Bangor, attorney for plaintiff.

Richard L. Currier, Currier & Trask, Presque Isle, attorney for defendant.

Before WATHEN, C.J., and CLIFFORD, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, Justice.

[¶ 1] David Hedrich and Janine Hedrich both appeal from the judgment entered in the Superior Court (Penobscot County, *Kravchuk, C.J.*) vacating in part a divorce judgment of the District Court (Bangor, *MacMichael, J.*). David Hedrich contends that the Superior Court erred in vacating a provision of the District Court judgment which terminated the award of alimony after three years. Janine Hedrich contends that the District Court erred in not awarding a larger sum of alimony, not properly calculating child support and in failing to deviate from the Child Support Guidelines.

 [¶ 2] Where, as here, the Superior Court acts as an intermediate appellate court, we review directly the decision of the District Court. *Fowler v. Fowler*, 1997 ME 231, ¶ 6, 704 A.2d 373, 374. Reviewing for an abuse of discretion, this Court will overturn the trial court's determination of child support or alimony only if it violates "a positive rule of law" or "results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *See id.*;

*Ryan v. Ryan*, 1997 ME 136, ¶ 6, 697 A.2d 60, 61.

[¶ 3] On the issues of the amount of alimony awarded [1] and the exercise of the court's discretion to deviate from the Child Support Guidelines,[2] we conclude that the District Court determinations and reasoning were within the considerable range of discretion allowed by the statutes governing alimony awards and deviation from the Child Support Guidelines. We do determine, however, that the District Court erred in terminating alimony after three years and in calculating child support payments without considering child care costs.

[¶ 4] An award of spousal support or alimony for a specific, time limited period is a choice available to the divorce court. 19-A M.R.S.A. § 951(6) (Pamph.1996).[3] However, as with other determinations, a time limited award must be supported by adequate findings. We have stated that a trial court cannot base its determination of alimony time limits on speculative predictions of future economic conditions. *Ketchum v. Ketchum*, 1998 ME 62, ¶ 1, 707 A.2d 803, 804; *Ryan*, 1997 ME 136, ¶¶ 6–8, 697 A.2d at 61–62.

 [¶ 5] This case presented unique and difficult circumstances regarding prediction of future needs for alimony. The parties' child, born in 1990, has multiple, rare and severe, physical and mental problems. He requires continual, special care. His primary physical residence is with Janine Hedrich in California. As a result, Janine Hedrich's employment and economic prospects and opportunities for advancement may be limited by varying degrees of special care and attention that may have to be given to the child. Unlike other cases of transitional alimony where a divorcing spouse's progress towards employment or educational goals and eco-

---

1. Award of alimony was governed by 19 M.R.S.A. § 721 (Pamph.1996), repealed by P.L. 1995, ch. 694, § B-1 (effective Oct. 1, 1997), now recodified as 19-A M.R.S.A. § 951.

2. Deviation from child support guidelines was governed by 19 M.R.S.A. § 317 (Pamph.1996), repealed by P.L.1995, ch. 694, § B-1 (effective Oct. 1, 1997), now recodified as 19-A M.R.S.A. § 2007.

3. 19-A M.R.S.A. § 951(6) states:

6. **Limitations.** This section does not limit the court, by full or partial agreement of the parties or otherwise, from awarding spousal support for a limited period, from awarding spousal support that may not be increased regardless of subsequent events or conditions or from otherwise limiting or conditioning the spousal support award in any manner or term that the court considers just.

nomic self-sufficiency may reasonably be predicted, in this case prediction is impossible for reasons beyond the divorcing spouse's control. The child's health makes Janine Hedrich's future economic circumstances an issue of considerable speculation and uncertainty. The District Court, in setting a three year cut-off for alimony, engaged in speculation regarding Janine Hedrich's future and very uncertain economic circumstances. Because the imposition of a three year cut-off on the alimony award is not supported by the available evidence on the record in this case, it must be vacated.

[¶ 6] Calculation of child support amounts, for purposes of this case, was governed by 19 M.R.S.A. § 316 (Pamph.1996), *repealed by* P.L.1995, ch. 694 § B–1 (effective Oct. 1, 1997).[4] Subsection (2)(A) of section 316 requires that the child support calculation include adding "the sums actually being expended for child care costs" to the basic support entitlement.

[¶ 7] On the child support worksheet utilized by the District Court to calculate the child support amount, there is no entry in the area covering child care costs. This omission is significant because the record appears to contain support for a finding that child care costs in this case may amount to $500 a month or approximately $125 per week. Because the District Court did not include child care costs in its child support worksheet calculations, as required by section 316(2)(A), the matter must be remanded to the District Court for redetermination of the child support obligation with appropriate consideration of child care costs.

The entry is:

Judgment of the Superior Court vacated. Remanded to the Superior Court for remand to the District Court with instructions to (1) strike the provision of the District Court judgment terminating alimony after three years, and (2) recalculate the parties' child support obligations considering sums paid by Janine Hedrich for child care costs.

---

4. Section 316 has been recodified as 19–A M.R.S.A. § 2006.