1999 ME 181

**Neal L. WEINSTEIN**

v.

**William M. SANBORN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 17, 1999.

Decided Dec. 8, 1999.

Neal L. Weinstein, Old Orchard Beach, for plaintiff.

Seth D. Harrow, Daniel F. Driscoll, Smith Elliott Samith & Garmey, P.A., Saco, for defendant.

Before CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

PER CURIAM.

[¶ 1] Neal Weinstein appeals from the judgment of the Superior Court (York County, *Warren, J.*), entered after a non-jury trial, finding that he had failed to establish title to property abutting his lot by adverse possession, acquiescence, or parol agreement. Contrary to Weinstein's contentions, the trial court did not err when it determined that he failed to satisfy his burden of proof on all of these theories. *See Stowell v. Swift*, 576 A.2d 204, 205 (Me.1990); *Calthorpe v. Abrahamson*, 441 A.2d 284, 289 (Me.1982); *Steinherz v. Wilson*, 1998 ME 22, ¶ 12, 705 A.2d 710, 713.

[¶ 2] Additionally, we find that Weinstein's appeal was frivolous and brought for the purpose of delay. His appeal is wholly lacking in merit for several reasons. Weinstein does not challenge the survey that set the boundaries of his property. He does not challenge any of the legal standards applied by the trial court, nor can he. Rather, he challenges the well-written, amply supported factual findings of the trial court in an unvarnished effort to delay the effectuation of the judgment. *See Fleet Bank of Me. v. Hunnewell*, 633 A.2d 853, 854 (1993); M.R. Civ. P. 76(f).

[¶ 3] In support of his appeal regarding his claim of title by oral agreement, Weinstein argues that the court should have believed his testimony regarding his conversation with Sanborn, not the clear and articulate testimony of Sanborn. No principle of appellate review is better established than the principle that credibility determinations are left to the sound judgment of the trier of fact. *See Estate of Siebert*, 1999 ME 156, ¶ 10, 739 A.2d 365; *Butler v. Rockland, Thomaston &*

*Camden St. Ry.*, 99 Me. 149, 153, 58 A. 775, 776 (1904).

[¶ 4] Weinstein also challenges the court's conclusion that he did not meet his burden of proving that he had acquired a strip of his neighbor's land through adverse possession or by acquiescence. *See Stowell*, 576 A.2d at 205 (requiring that possession be "actual, open, notorious, under a claim of right, continuous and exclusive for a period of at least 20 years" to satisfy common law adverse possession); 14 M.R.S.A. § 815 (1980) (requiring "actual ... adverse, open, peaceable, notorious and exclusive possession" for forty years to satisfy statutory adverse possession); *Calthorpe*, 441 A.2d at 289 (requiring "acquiescence for a long period of years such that the policy behind the doctrine of acquiescence is well-served by recognizing the boundary").

[¶ 5] At the time of trial, Weinstein had owned the land for only 16 years. His predecessor-in-interest had owned or lived on the land for approximately 40 years. Notwithstanding pressure from Weinstein, his predecessor-in-interest averred in two separate affidavits and testified in her deposition repeatedly that she had never thought that the strip of land belonged to her family; that she had never intended to occupy the land or possess it to the exclusion of the neighbor; and that she did not use the land in any manner consistent with exclusive ownership. Finally, she consistently declined Weinstein's invitation to testify that the placement or use of a clothesline that Weinstein claimed had extended his property line by acquiescence—a clothesline that had been out of use before Weinstein acquired the property and that Weinstein had never used—was intended to mark a boundary line. In short, not even the most generous reading of the evidence could support an argument that the court was compelled to make the findings urged by Weinstein.

[¶ 6] Because Weinstein's appeal was entirely frivolous, we order Weinstein to pay treble costs along with reasonable attorney

fees and expenses to Sanborn pursuant to M.R. Civ. P. 76(f).

The entry is:

Judgment affirmed. Treble costs, reasonable attorney fees, and expenses are assessed against the appellant. Counsel for appellee shall submit an attorney fee and expense affidavit, along with a statement of costs, to this court within 30 days.