Anne Marie QUIN

v.

Robert W. QUINN.[1]

Supreme Judicial Court of Maine.

Argued Feb. 28, 1994.
Decided April 25, 1994.

George Z. Singal (orally), Daniel A. Pileggi, Gross, Minsky, Mogul & Singal, P.A., Bangor, for plaintiff.

Philip Buckley (orally), Brent A. Singer, Rudman & Winchell, Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS * and DANA, JJ.

CLIFFORD, Justice.

Anne Marie Quin appeals from a judgment entered in the Superior Court (Penobscot County, *Kravchuk, J.*) affirming a judgment entered in the District Court (Bangor, *Mead, J.*) in this action for divorce. Because the defendant, Robert W. Quinn, committed economic misconduct within the meaning of the alimony statute by acting unilaterally on the eve of the divorce proceeding to place certain real property beyond the reach of both the plaintiff and the divorce court, and because the court failed to take that conduct into account in its alimony award, we vacate the judgment.

The relevant facts are not in dispute. The plaintiff filed her complaint for divorce on July 3, 1990, having served the complaint on June 28. Among the property in the marital estate was The Quinn Agency (Agency), the defendant's Bangor-based real estate business. On June 19, the defendant caused a condominium to which the Agency held title to be conveyed jointly to the parties' five adult children for nominal consideration. That real estate, located in Carrabassett, is referred to in the record as the "Sugarloaf

---

1. Although the parties were previously married to one another and have the same family name, they have adopted divergent spellings of the surname.

* Collins, J. sat at oral argument and participated in the initial conference but retired before this opinion was adopted.

condominium." The Agency held title to the Sugarloaf condominium, but the property had, in fact, been purchased with marital funds and was used as a family vacation home. The defendant does not contest the plaintiff's assertion that the purpose of conveying the Sugarloaf condominium on June 19 was to place the property beyond the reach of the divorce court. Although the plaintiff was a minority shareholder in the Agency as well as a director of the corporation, she was unaware of the transfer, and she received no notice of the directors' meeting on June 20 at which the transfer was ratified and she was removed as a director. The defendant justified the conveyance on the ground that it gave effect to the parties' intention that the children should ultimately inherit the property.

Following three days of hearing at which both parties testified, the District Court entered a divorce judgment. The court undertook to divide the extensive marital estate equally between the parties, awarding the Agency to the defendant and awarding to the plaintiff her educational consulting business. The decree also included an award of alimony to the plaintiff for a period of five years. The court found that

> [i]n June, 1990, the Defendant's corporation conveyed a parcel of property near Sugarloaf to the parties' children without consideration at the Defendant's behest. While the parties clearly benefitted personally during the corporation's ownership of this property, it is also equally clear that the property was acquired by the corporation and was subject to its later conveyance. Accordingly, this parcel is non-marital in nature and beyond this court's jurisdiction except as a reference point in assessing the value of the Defendant's corporation from an historical perspective.

The court also specifically found that the plaintiff had failed to meet her burden of proof on the issue of economic misconduct because the transfer "was done with the Plaintiff's express or implied acquiescence or without the intent of depleting marital funds to the Plaintiff's detriment." She appealed

the judgment to the Superior Court, which affirmed. Her timely appeal to this court followed.

■ When the Superior Court acts as an intermediate appellate tribunal, we review directly the judgment of the District Court. *Dunning v. Dunning,* 495 A.2d 821, 823 n. 1 (Me.1985). We will not disturb a trial court's award of alimony unless it has violated "some positive rule of law or has reached a result which is plainly and unmistakably an injustice." *Terison v. Terison,* 600 A.2d 1123, 1124 (Me.1992). The factual findings underlying an award of alimony, however, are reviewed for clear error, *Harding v. Murray,* 623 A.2d 172, 175 (Me.1993), and it is the trial court's finding that the transfer of the Sugarloaf condominium did not constitute economic misconduct that is challenged on appeal.

The legislature has made clear that economic misconduct is to be considered by the divorce court in determining an award of alimony. The alimony statute, 19 M.R.S.A. § 721 (Supp.1993), sets forth the separate factors that the court must consider on the issue of alimony. One of them is "[e]conomic misconduct by either party resulting in the diminution of marital property or income." *Id.* at § 721(M). In properly taking the economic misconduct of a party into consideration in determining an award of alimony, the divorce court is not punishing that misconduct, but rather is preventing that misconduct from adversely and inequitably affecting either spouse's post-marital future.[2]

■ The defendant contends, however, that the finding by the trial court that there is no economic misconduct is not clear error and that such a finding is not compelled by the evidence. We disagree. It is uncontested that the *sole* purpose of the transfer of the Sugarloaf property was to diminish the marital estate by removing it from the divorce court's jurisdiction. Particularly disturbing are the affirmative steps the defendant took to prevent his wife from learning that this transfer was occurring as she was preparing her divorce complaint. The conveyance

---

**2.** For a discussion of the purposes of alimony and how alimony relates to no-fault divorce, *see* J. Sheldon & N. Mills, *In Search of a Theory of Alimony,* 45 Me.L.Rev. 283 (1993).

served to diminish the value of property that was indisputably marital, i.e., the defendant's real estate business, which was ultimately set aside to the defendant.

We are unpersuaded by the defendant's contention that he acted properly in causing the transfer to the parties' children because in so doing he was merely giving effect to the parties' previously stated intention that the children should ultimately inherit the condominium. Even assuming that such a disposition remained the plaintiff's intent as she filed her divorce action, it does not follow that she intended to deprive herself of the right to use the property during her life. Moreover, it is of little consequence in a divorce proceeding that a party has, at a time when she presumably expected her marriage to endure, made a statement as to her desire to make a certain bequest to her children following the deaths of her and her spouse. The defendant would have us condone this unilateral, eleventh-hour diversion of marital wealth because his wife subsequently could not say that she objected to her children owning the diverted property. The plaintiff *did* testify emphatically that she did not approve of the manner of the transfer. The conduct to which she properly objects was not in the giving, but in the taking.

The District Court was compelled to find that by significantly diminishing the value of the marital estate on the threshold of the divorce proceeding, for the sole purpose of placing certain assets beyond the reach of the divorce court, and in circumstances deliberately calculated to prevent his wife from forestalling the conveyance, the defendant engaged in economic misconduct as that term is defined in the alimony statute.[3] *See Gray v. Gray*, 609 A.2d 694, 699 n. 7 (Me.1992) (loss of substantial marital funds through gambling constitutes economic misconduct). Accordingly, we vacate the divorce judgment and remand to the District Court. On remand, the District Court should take into account the defendant's economic misconduct

and reconsider the alimony issue, and to the extent necessary, all of the economic issues.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** Plaintiff also contends that the court erred in concluding that $15,000 in cash transfers to two of the children did not constitute economic misconduct by the defendant. There was evidence, however, that the plaintiff was aware of and acquiesced in the transfers. The court was not compelled to find that the purpose of the transfers was to place the assets beyond the reach of the divorce court.