Owen AREY

v.

Judy AREY.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 31, 1994.

Decided Dec. 20, 1994.

Marvin H. Glazier, Amy L. Faircloth, Vafiades, Brountas & Kominsky, Bangor, for plaintiff.

Laurie Anne Miller, Ferris, Dearborn & Willey, Brewer, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Judy Arey appeals from a judgment entered in the Superior Court (Penobscot County, *Browne, A.R.J.*) affirming a judgment of the District Court (Bangor, *Hjelm, J.*) granting a divorce, dividing marital property, awarding nominal alimony and allocating only partial payment of her attorney fees

and medical bills to Owen Arey. Finding no error, we affirm the judgment.

Owen and Judy Arey were married on August 4, 1984. They had no children, and the couple separated in 1992. Owen's father had conveyed certain residential property to Owen's brother, Sidney. In 1990 Sidney died devising this real estate to Owen and Judy jointly, subject to a life estate in Owen's father and Owen's now deceased grandmother. Since the devise, Owen and Judy have lived on the property with the permission of Owen's father.

The District Court found the real estate to be marital property. The value of the real estate was determined to be $89,000 with a mortgage of $23,000, resulting in $66,000 in equity. The court found an Individual Retirement Account (IRA) in Owen's name to be part separate property and part marital property.

The court set aside the real estate to Owen. The court awarded the $6,000 from the IRA to Judy as well as $15,000 compensation for her share of the marital assets awarded to Owen payable at the rate of $100 per week, and ordered Owen to pay Judy $1 per year as alimony. The court found Owen in arrears $2,075 from a temporary support order and ordered him to pay that amount in full.[1] The court required Owen and Judy to share equally the responsibility for an Eastern Maine Medical Center bill and ordered Owen to pay $750 as a contribution toward Judy's legal expenses.

Judy appealed and the Superior Court affirmed the judgment of the District Court. This appeal followed.

*Division of Marital Property*

Judy does not contest the court's classification of the real estate as marital property.[2] Instead, she argues that the trial court abused its discretion in dividing the marital property by failing to justly consider the mandatory factors listed in 19 M.R.S.A. § 722–A (1981).[3]

■ When the Superior Court acts as an intermediate appellate tribunal, we review directly the judgment of the District Court. *Quin v. Quinn*, 641 A.2d 180, 181 (Me.1994). The disposition of marital property is a matter committed to the sound discretion of the trial court and reviewable only for an abuse of discretion. *Williams v. Williams*, 645 A.2d 1118, 1123 (Me.1994). Absent a violation of some positive rule of law, we will overturn the trial court's decision "only if it results in a plain and unmistakable injustice, so apparent that it is instantly visible without argument." *Williams*, 645 A.2d at 1123 (citation omitted).

■ When dividing the marital property, the court must consider the factors set forth in 19 M.R.S.A. § 722–A and may, within its discretion, consider all factors relevant to a particular divorce. § 722–A; *Axtell v. Axtell*, 482 A.2d 1261, 1263 (Me.1984) ("[B]ecause the relation of marital property to the individual marital partners is unique, the court may consider other matters peculiar to the case under consideration in order to obtain a just result."). *But see Robinson v. Robinson*, 554 A.2d 1173, 1175 (Me.1989) (finding the lifestyle maintained during the course of the marriage is not a relevant factor for the court's consideration).

■ The record reflects that the court properly considered each of the statutory

1. In August 1992, the District Court (*Hjelm, J.*) had ordered Owen to pay Judy temporary support. Twenty-six weeks had passed and Owen had paid only $1,075 rather than $3250.

2. Neither party argued that each party owned a nonmarital one-half interest in the property devised to them as joint tenants.

3. With regard to division of marital property, the statute provides
   [T]he court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering *all relevant factors*, including:
   A. The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker.
   B. The value of the property set apart to each spouse; and
   C. The economic circumstances of each spouse at the time the division of the property is to become effective....
   19 M.R.S.A. § 722–A (1981 & Supp.1993) (emphasis added).

factors: the contribution of each spouse to the acquisition of the property, the value of the property set aside to each, and the economic circumstances of each spouse. Additionally, the court gave careful consideration to fact that the real estate was a gift from Owen's family.

The couple remained married for only two years after they acquired their joint remainder interest in the real estate. Presumably, Judy was given the gift of real estate jointly with Owen on the basis that she was married to Owen and would remain part of the family.

The court awarded Judy as compensation "for her share of the marital assets set aside to ... [Owen], the sum of $15,000." This sum takes into account Judy's share of the real estate allocated to Owen. The real estate—which included a remainder interest in Owen and Judy jointly—had a present equity value of $66,000. The actual value of the remainder interest is obviously less than $66,000. We, therefore, cannot find the allocation by the trial court a plain and unmistakable injustice so apparent that it is instantly visible without argument. *Williams,* 645 A.2d at 1123.

### Marital Debt and Attorney Fees

■ Marital debt is apportioned pursuant to the same considerations as the division of marital property. *See Harding v. Murray,* 623 A.2d 172, 175 (Me.1993). The medical bill was incurred during the marriage and is therefore a marital debt. *See* § 722–A(2).

■ The court is permitted to consider the relative financial ability of each of the parties to contribute to the debt. § 722–A(1)(C); *See e.g., Harding,* 623 A.2d at 175. Here, the court divided the debt equally. The allocation appears to be equitable given the financial strength of both parties.[4] The court's allocation does not approach a plain and unmistakable injustice.

■ The trial court has the discretion to order payments of attorney fees in a divorce action. 19 M.R.S.A. § 722(3) (1981 & Supp. 1993); *Hebert v. Hebert,* 475 A.2d 422, 426 (Me.1984). In awarding attorney fees, the trial court should consider the parties' relative capacity to absorb the costs of litigation. 19 M.R.S.A. § 722(3); *Harding,* 623 A.2d at 177. The trial court award will not be disturbed absent an abuse of discretion. *Most v. Most,* 477 A.2d 250, 263 (Me.1984).

■ Neither Judy nor Owen is in a financial position to afford the entire burden of Judy's attorney fees. Judy's attorney fees total $3050.92 and Owen was ordered to pay $750 of the fee. In *Lee v. Lee,* 595 A.2d 408, 412 (Me.1991), we stated that it is within the discretion of the trial court to deny allocation of attorney fees because the parties were essentially on the same financial footing. In the instant case, the court could have found the parties to be of near equal financial capability and denied any allocation of Judy's debt. There was, therefore, no abuse of discretion.

### Alimony Award

■ Judy contends the court erred in its alimony award of $1 per year. "A divorce court is vested with broad powers to order one spouse to pay alimony to the other if the amount is reasonable and takes into account the paying spouses's ability to pay." *Gray v. Gray,* 609 A.2d 694, 698 (Me.1992). In reviewing alimony awards, we defer to the discretion of the trial court unless "the court has violated some positive rule of law or has reached a result which is plainly and unmistakenly an injustice that is 'so apparent as to be instantly visible without argument.'" *Bryant v. Bryant,* 411 A.2d 391, 395 (Me. 1980) (quoting *Capron v. Capron,* 403 A.2d 1217, 1218 (Me.1979)).

In making the award of alimony, the court weighed carefully the financial conditions of both Judy and Owen. Judy worked part

---

4. At trial Judy testified that Owen was responsible for her hospitalization after a domestic dispute. The only evidence the court heard regarding the hospitalization was from Judy because Owen denied any responsibility for the hospitalization in question. The court's decision makes no reference to this factor. Given the discretion of the court, it would not be a plain and unmistakable injustice had the court failed to give Judy the benefit of her unsupported claim of Owen's responsibility for the bill.

time and Owen was unemployed. Further, Owen owed Judy $2,075 in temporary support in arrears in addition to other personal debts including the $15,000 in compensation for her share of the marital assets to be paid at the rate of $100 per week.

The court found based on the factors in 19 M.R.S.A. § 721(1) (Supp.1993) that Judy was entitled to a higher alimony award, but limited the award on the basis of Owen's finite resources. Judy incorrectly asserts that she was entitled to higher alimony based on the high lifestyle she and Owen shared while married. *See Gray,* 609 A.2d at 698 (standard of living enjoyed in the marriage may be only a factor for consideration when arriving at an alimony figure).

In *Lee,* we found that the grant of a nominal alimony award was not an abuse of discretion in light of the financial situations and earning capacities of the parties at the time of divorce. *Lee,* 595 A.2d at 412. We, therefore, cannot say it was a plain and unmistakable injustice to award Judy nominal alimony with the option to pursue an amended award when Owen becomes employed.

The entry is:

Judgment affirmed.

All concurring.