1997 ME 14

**Sonja E. RAMSDELL**

v.

**Kenneth W. RAMSDELL.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 13, 1996.

Decided Jan. 28, 1997.

Norman P. Toffolon, Machias, for plaintiff.

Francis J. Hallissey, Machias, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] Kenneth W. Ramsdell, appeals from a divorce judgment entered in the Superior Court (Washington County, *Marden, J.*), contending that the court abused its discretion or erred in awarding alimony to Sonja E. Ramsdell, and in dividing equally his workers' compensation settlement. Kenneth also challenges the court's denial of his M.R.Civ.P. 60(b) motion for relief from judgment and argues that the court (*Mills, J.*) erroneously entered a contempt order against him. Finding no error or abuse of discretion, we affirm the judgment.

[¶ 2] Sonja and Kenneth were married in 1966. Sonja filed for divorce in December 1991. In February 1992, after stipulations by the parties, the court (*Silsby, J.*) entered a temporary order pending divorce pursuant to which Kenneth was required to pay Sonja $400 per week in spousal support, Sonja was given sole possession of the marital residence, and Sonja and Kenneth were to share equal responsibility for the marital bills. A subsequent order entered in May of 1992 (*Smith, J.*) addressed discovery issues but did not address a motion to amend the temporary order of spousal support filed by Kenneth.

[¶ 3] Sonja filed two motions for contempt alleging that Kenneth had failed to pay her pursuant to the temporary order. Following a hearing on the second motion in May of 1994, the court found Kenneth in contempt and determined the arrearages to be $53,243.50. The court ordered Kenneth to pay Sonja $100 per week toward the arrearages. In addition, the court declined to hear a Rule 60(b) motion for relief from judgment filed by Kenneth shortly before the hearing on the motion for contempt. The court also did not address Kenneth's previously filed motion to amend the temporary order concerning spousal support. At the hearing, Kenneth testified that he no longer could afford to pay Sonja, had suffered three heart attacks, lost his job in his family's

businesses, moved to Florida, was earning approximately $300 per week, and had declared bankruptcy. In finding Kenneth in contempt, the court specifically concluded that he was not credible "regarding any issue" including his reasons for not working. The court found that he either was employed or had the capacity to work during the entire period between the entry of the temporary order and the contempt hearing. Kenneth has appealed the contempt order.

[¶ 4] In October 1995, the court held the final hearing on the divorce and simultaneously heard Kenneth's 60(b) motion. The court granted a divorce and ordered Kenneth to pay alimony in the amount of $800 per month to Sonja. The court found that Kenneth received $30,000 in a settlement of a workers' compensation claim, determined that it was marital property, and concluded that the settlement should be equally divided. Because Kenneth was unable to satisfactorily account for the $30,000, however, the court assigned to Kenneth the sole responsibility for the marital debt and ordered him to hold Sonja harmless on that debt instead of ordering distribution of the workers' compensation funds. The court denied Kenneth's 60(b) motion and refused to disturb the previously entered order of contempt. Kenneth's appeal followed.

I.

[¶ 5] Kenneth contends that the court's alimony award to Sonja was excessive because it was not based on what the court found Kenneth to be *actually* earning at the time of the divorce, $300 to $380 per week. We disagree. "The primary purpose of alimony is to provide 'maintenance and support' for the future needs of the payee spouse." *Noyes v. Noyes*, 662 A.2d 921, 922 (Me.1995) (citations omitted). In reaching a determination of alimony, the court is required to consider the factors enumerated in 19 M.R.S.A. § 721 (Supp.1996).[1] In reviewing

---

1. That section provides:
   § 721. Alimony.
   1. Factors. The court shall consider the following factors when determining an award of alimony:
   A. The length of the marriage;

   B. The ability of each party to pay;
   C. The age of each party;
   D. The employment history and employment potential of each party;
   E. The income history and income potential of each party;

alimony awards, we "defer to the discretion of the trial court unless 'the court has violated some positive rule of law or has reached a result which is plainly and unmistakenly an injustice that is so apparent as to be instantly visible without argument.'" *Arey v. Arey,* 651 A.2d 351, 354 (Me.1994) (quoting *Bryant v. Bryant,* 411 A.2d 391, 395 (Me.1980) (citations omitted)). Factual findings are reviewed for clear error. *Quin v. Quinn,* 641 A.2d 180, 181 (Me.1994).

[¶ 6] Although the court found Kenneth's current actual earnings to be $300 to $380 per week, the court determined that based on his experience and training,[2] Kenneth was *able* to earn $36,000 annually. The court acknowledged that Kenneth had a back condition but, given the evidence, did not believe that he suffered from a heart problem that interfered with his earning ability. The court found Sonja's earning capacity to be $16,000, that she had few assets, serious medical problems that required attention, and that she could not afford medical insurance. Moreover, the court found "significant economic misconduct" on Kenneth's part by failing to assist Sonja, failing to account for the workers' compensation funds, and removing from the State of Maine property subject to marital debt while Sonja was liable for that debt.

[¶ 7] In awarding alimony, a court may take into account the earning potential, the standard of living enjoyed during the marriage, *Gray v. Gray,* 609 A.2d 694, 698 (Me.1992), and the payee spouse's earning capacity, experience and health. *Harding v. Murray,* 623 A.2d 172, 176 (Me.1993). The evidence reflects that Sonja and Kenneth enjoyed a high standard of living during the marriage. The court may also consider, as it did here, the economic misconduct of a party. *Quin v. Quinn,* 641 A.2d at 181. The award of alimony to Sonja was within the court's discretion.

## II.

[¶ 8] Kenneth also contends that the court abused its discretion in awarding one-half of the workers' compensation settlement, conceded by Kenneth to be marital property, to Sonja in the form of being held harmless on the marital debt. Disposition of marital property is committed to the sound discretion of the court. *Arey v. Arey,* 651 A.2d 351, 353 (Me.1994). The court determined that Kenneth's creation of marital debt without Sonja's knowledge or consent had left her with significant obligations but few assets. Moreover, Kenneth could not account for the $30,000 award. Given Sonja's economic circumstances, the court did not abuse its discretion in awarding half of the workers' compensation award to Sonja nor in determining that it take the form of holding Sonja harmless on the marital debt.

## III.

[¶ 9] Kenneth further argues that the court improperly failed to address his motion to amend the temporary order, that his motion for relief from judgment was not heard at the same time as the motion for contempt, and that the motion for relief was improperly denied.

[¶ 10] Although Kenneth was entitled to a ruling on his motion to amend the temporary order, and the court should have made such a ruling, Kenneth has demonstrated no prejudice resulting from this fail-

---

F. The education and training of each party;
G. The provisions for retirement and health insurance benefits of each party;
H. The tax consequences of the division of marital property, including the tax consequences of the sale of the marital home, if applicable;
I. The health and disabilities of each party;
J. The tax consequences of an alimony award;
K. The contributions of either party as homemaker;

L. The contributions of either party to the education or earning potential of the other party;
M. Economic misconduct by either party resulting in the diminution of marital property or income;
N. The standard of living of the parties during the marriage; and
O. Any other factors the court considers appropriate.

2. Kenneth had extensive experience in the operation of family automobile dealership and construction businesses.

ure. The hearings held on the contempt motion, the motion for relief from judgment, and the final divorce hearing involved the same issues raised by Kenneth's motion to amend. He contends that he was unable, for various reasons, to pay alimony or comply with the temporary order. The court's findings on those issues against Kenneth, particularly in regard to his health and his ability to earn, do not support an amendment to the temporary order. Accordingly, the failure of the court to rule on Kenneth's motion to amend is harmless error.

[¶ 11] Kenneth also contends that his Rule 60(b) motion for relief from judgment should have been heard at the same time as the court heard Sonja's motion for contempt. Kenneth's attorney filed the Rule 60(b) motion with the court two weeks prior to the date previously scheduled for the hearing on contempt. The motion for relief was not placed on the hearing schedule, however, and the motion was heard at the time of the final divorce hearing. Assuming that the timing of Kenneth's motion entitled him to a hearing on the same date as the contempt hearing, the contempt hearing involved the same issues raised by the motion for relief, and the court's findings on those issues would not justify relief pursuant to Rule 60(b).[3] The court found Kenneth's testimony not credible on any issue and concluded that he was always working or able to work and fully capable of making the payments pursuant to the temporary order of support.

[¶ 12] Kenneth had a full opportunity to be heard at the contempt hearing and at the hearing on his motion for relief from judgment. He advanced circumstances surrounding his health, change of economic cir-

cumstances, and earning capacity during the contempt hearing, and the court found none of his testimony credible. The findings made by the court that Kenneth was able to work and that his earning capacity was not affected by his claimed heart problems are supported in the record and are not clearly erroneous. Accordingly, we do not disturb the court's finding of contempt and its denial of the Rule 60(b) motion for relief from judgment.

The entry is:

Judgment affirmed.

---

3. M.R.Civ.P. 60(b) states in part:
   (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusa-

ble neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or dis-

charged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.