STATE OF MAINE
SOMERSET, SS.

DONALD L. GARBRECHT
LAW LIBRARY

⌐ 2000

SUPERIOR COURT
Docket No. AP-99-20
JLH-SOM-4/5/2000

DONALD L. GARBRECHT
LAW LIBRARY

- MAY 9 2000

Bruce Trost,              )
            Plaintiff    )
                         )
                         )
    v.                   )       **ORDER ON APPEAL**
                         )
                         )       *TITLE TO REAL ESTATE INVOLVED*
Wendy Trost,             )
            Defendant    )

The plaintiff appeals from a divorce judgment dated October 20, 1999, and entered in the District Court (Clapp, J.). That judgment modified a decree which was entered previously and which was vacated on appeal for reconsideration of one issue. The only issue presented on this appeal is whether the trial court committed error in ordering the plaintiff to pay the sum of $4,000 to the defendant.

The most significant assets at issue in this case are the plaintiff's VA retirement pension and his VA partial disability pension. The court found that the latter is non-marital. Ninety percent of the former, which consists of total monthly benefits of $655.99, is marital. However, 63% of the entire retirement pension accrued between the date of the parties' marriage and the date of their separation in 1991. The court awarded 31% of the monthly benefit payment to the defendant; this represents nearly half of the marital component of that asset which accrued prior to the parties' separation. The trial court concluded that 63%, rather than the full 90%, should be the basis for its division of the asset because the parties

1

both regarded and treated assets acquired subsequent to their separation as separate property.

The court also concluded that it would be inequitable to award the defendant a sum representing the "retroactive portion of those benefits" (i.e., benefits received while the parties were separated) because during the separation she had received a "disproportionate" amount of net proceeds realized from the sale of marital realty located in North Carolina. In its initial decree, the court found the defendant received $14,000 ($6,000 as her non-marital share of the proceeds, and an additional $8,000 of the remaining, marital component), and the plaintiff received $4,000, representing his share of the marital equity in the realty. The court took this disbursement of proceeds into account when crafting the overall division of the marital estate. After the court did so, the plaintiff did not challenge that property division and, in fact, defended it when the defendant pursued an appeal.

The Superior Court (Marden, J.) remanded the case to the trial court after concluding that the trial court committed factual error regarding the amount of net profit generated by the sale of the North Carolina property. The appellate court held that the evidence compelled a factual finding that the defendant received $10,000, rather than $14,000, and that of that lower sum, $4,000 was marital. On remand, the trial court ordered the plaintiff to pay $4,000 to the defendant.

The effect of this modification was to restore to the defendant the value of marital property that the court initially intended her to have, in recognition of the value of the assets awarded to the plaintiff. On appeal, the Superior Court found that the defendant had received $4,000 less than

2

the trial court believed she had received. In response, the trial court then ensured that she would obtain this sum from another source, namely, the plaintiff himself.

The trial court's modification of its prior order does not precisely maintain the allocation of marital assets as between the parties themselves. While it does reestablish the value of property that the defendant would retain, it does so by depriving the plaintiff of some cash. A more formulaic approach might have been to require the plaintiff to pay $2,000 (rather than $4,000) to the defendant. In this way, the $4,000 disparity in marital money extracted from the North Carolina property would have been preserved. Thus, when seen in this way, the plaintiff's loss on remand is $2,000 ($4,000 he is now required to pay, less the $2,000 he would be required to pay under this alternative analysis). However, the method chosen by the trial court provides marital assets to the defendant at a level it originally intended. Further, in light of the overall value of the marital estate, and in light of the value of *all* property (marital and separate) set aside to the plaintiff, *see Stevenson v. Stevenson*, 612 A.2d 852, 855 (Me. 1992), a shift of $2,000 cannot be said to render the division of the estate less than "just." *See* 19-A M.R.S.A. § 953(1). *See generally Arey v. Arey*, 651 A.2d 351, 353 (Me. 1994) (the disposition of marital property is subject to the sound discretion of the trial court is and reviewed only for an abuse of discretion).

The plaintiff argues that the effect of the modified judgment is even less substantial than that hypothesized above. He suggests that the defendant would have received nearly $2,700 if her equitable share of the defendant's marital benefits had been awarded to her retroactively. This

3

would create a net effect of $1,300 ($4,000 less $2,700). Even if this analysis is correct, then the underlying division of marital property is still well within the latitude of discretion afforded to the trial court.

The entry shall be:

For the reasons set out in the order dated April 5, 2000, the appeal is denied. This case shall be remanded to the District Court.


Dated: April 5, 2000

_____
JUSTICE, SUPERIOR COURT