DONALD L. GARBRECHT
LAW LIBRARY

NOV 2 2000

STATE OF MAINE

ANDROSCOGGIN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-013

RECEIVED & FILED

OCT 31 2000

ANDROSCOGGIN
SUPERIOR COURT

DORIINE A. MIHELICH
    (f/n/a Doriine A Lewis),
        Plaintiff

    v.

FRANK R. LEWIS,

        Defendant

**DECISION ON APPEAL**

## I.  AWARD OF ALIMONY

The parties were divorced by judgment of the District Court and the defendant has appealed.  He assigns as error an award of alimony to the plaintiff and the amount of the award.

The purpose of alimony is to provide for the future needs of a divorcing spouse and to act as a substitute for loss of support enjoyed during marriage.  *See Harding v. Murray*, 623 A.2d 172, 176 (Me. 1993).  In reaching a determination of alimony, the court is required to consider factors enumerated in 29 M.R.S.A. § 951.  *See Ramsdell v. Ramsdell*, 688 A.2d 918, 920 (Me. 1997).  Alimony must be reasonable; in determining whether to award alimony and the amount of such an award, the trial court may consider each spouse's earning potential, the payor spouse's ability to pay, contributions of one party to the other's earning potential and the standard of living enjoyed by the parties during their marriage.  *See id.* at 921.  A divorce court's findings of fact will not be set aside unless clearly erroneous, and its holding with respect to award of alimony will be affirmed unless the court has

violated some positive rule of law or has reached a result which is plainly and unmistakably an injustice.  *See Harding v. Murray*, 623 A.2d 175.

Upon review of the record, the alimony award in this case does not appear to be a plain and unmistakable injustice.  Although the court did find that many of the factors to consider in an award were not covered by the evidence, the court did make specific findings about the relative inequitable positions of the parties as to past and potential earning capacity.  The evidence is more than sufficient to justify the award of alimony from the defendant to the plaintiff.  Mr. Lewis has the equivalent of a college degree and is one of only four people in the country that can fix United States Navy P3 aircraft.

In 1999, Mr. Lewis earned about $52,000 plus $6,500 from a military pension.  He also received a *per diem* for expenses of $35-$40 a day.  In addition, he had hotel expenses reimbursed.  Based on these figures, the court concluded that his income was sufficient that he be ordered to pay spousal support.

The court found that the plaintiff has limited earning potential as a fifty-two-year-old substitute teacher who currently earns approximately $5,000 a year and who never pursued additional education or training after leaving college to marry the defendant.

The court concluded that the defendant had earnings of $76,000 and based his payments on that amount.  In examining the record and exhibits this court finds that this sum may be in error.  Exhibit 16 (1999, form 1040, joint income tax return of the parties) shows that the total adjusted gross income in 1999 for both of the parties was $76,782.  This appears to include $5,242 gross income to the plaintiff from her

job as a substitute teacher.  If so, then the calculation of defendant's earnings at $76,000 is in error and the determination of the amount of alimony must be recalculated.

## II. DECISION

The clerk will make the following entry as the decision of this court on appeal:

1.  For the reasons stated above, the appeal of defendant as to the amount of alimony is sustained.  In all other respects the appeal is denied.

2.  The case is remanded to the District Court to recalculate the amount of alimony based on the earnings and earning capacity of the defendant exclusive of the plaintiff's wages and earnings.

3.  The District Court may recalculate the amount of alimony based on the existing record and evidence without the necessity of conducting another hearing.

So Ordered:

October 31, 2000

Thomas E. Delahanty II
Justice, Superior Court

Robert Guillory - Plaintiff
Jed J. French - Defendant