STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         CIVIL ACTION
                                                  DOCKET NO.: CV-13-139

**JOY JANVIER,**

          Plaintiff,

     v.                                           **ORDER**

**SHAUN JANVIER, DMD, P.A.,**
**and JANVIER REALTY, LLC.,**

          Defendants.

## I.     Background

### a.  Procedural History

This case involves a dispute over the assets divided pursuant to a final divorce judgment entered in the York District Court on September 28, 2012 (Docket No. YOR-FM-11-020).[1] Shaun Janvier, DMD was awarded the defendant business entities in the divorce. Plaintiff Joy Janvier now brings this action against defendants Shaun Janvier DMD, P.A. and Janvier Realty, LLC alleging they violated the Uniform Fraudulent Transfer Act (14 M.R.S §§ 3571 et seq.), converted plaintiff's property, refused to pay plaintiff rents pursuant to 33 M.R.S. § 953, and breached a fiduciary duty owed to the plaintiff pursuant to 31 M.R.S. §§ 1001 et seq.

Defendants moved to dismiss the complaint pursuant to M.R. Civ. P. 12(b)(6) arguing *res judicata* barred the claims. On November 7, 2014, the court denied the motion because the businesses were not parties to the divorce action and the District Court did not make distinct factual findings as to the business' conduct. *Id.* However, the order also provided as follows: "Nonetheless, if after discovery the Plaintiff is unable to come forward with wrongful acts

---

[1] The Law Court affirmed the judgment on November 7, 2013. *See Janvier v. Janvier*, 2013 Me. Unpub. LEXIS 113.

1

committed by the businesses apart from the allegations contained in the complaint, this court will entertain sanctions and an award of attorney's fees."[2]

On June 23, 2016, defendants moved for summary judgment arguing that plaintiff failed to come forward with any evidence or documentation of wrongful acts other than those asserted in the divorce proceeding. The motion argues that there are no "triable issues of fact," in essence, that plaintiff has failed to demonstrate a basis for any of her claims other than the facts that were considered in the divorce.

### b. Facts

Prior to their divorce in 2012, Shaun was the sole manager and shareholder of Shaun Janvier, DMD, P.A. (hereinafter "P.A."). (DSMF ¶ 13; POSMF ¶ 13.) Parties dispute the extent of plaintiff's interest in Janvier Realty, LLC (hereinafter "LLC") prior to the divorce. (DSMF ¶ 15; POSMF ¶ 15; PASMF ¶ 2; DRSMF ¶ 2.) The divorce judgment awarded both solely to Shaun.

Plaintiff references a number of financial transactions made by Shaun prior to the entry of the divorce judgment as evidence of fraudulent transfers. (POSMF ¶¶ 6-12, 15-19, 21-22, 26-27, 31, 38, 40-41, 44-45.)

### II. Discussion

#### a. Motion for Summary Judgment Standard

On a motion for summary judgment, the court takes all facts and inferences in favor of the non-moving party. *LePage v. Bath Iron Works Corp.*, 2006 ME 130, ¶ 9, 909 A.2d 629. "Summary judgment is appropriate when the record reveals no [genuine] issues of material fact in dispute." *Id.* "A fact is material if it has the potential to affect the outcome of the case." *Id.* "A genuine issue exists when sufficient evidence supports a factual contest to require a factfinder to

---

[2] Defendants cling to this language throughout the present motion for summary judgment.

2

choose between competing versions of the truth at trial." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. "Summary judgment is appropriate . . . 'if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.'" *Dyer v. DOT*, 2008 ME 106, ¶ 14, 951 A.2d 821.

"To withstand 'a motion for a summary judgment, the plaintiff must establish a prima facie case for each element of her cause of action. If a plaintiff does not present sufficient evidence on the essential elements . . . the defendant is entitled to a summary judgment.'" *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897.

### b. Fraudulent Transfer (14 M.R.S. § 3571)

The Maine Uniform Fraudulent Transfer Act (UFTA) provides remedies to creditors when their debtors fraudulently transfer assets. 14 M.R.S. §§ 3575(1)(A), 3578 (YEAR). The act defines "creditor" as "a person who has a claim." § 3572(4). A claim is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." § 3572(3).

"[W]hether a conveyance is fraudulent under the Act is a question of fact[.]" *Id.* "A transfer by a debtor is fraudulent if it is made with 'actual intent to hinder, delay or defraud any creditor of the debtor . . . .'" *Id.* (quoting 14 M.R.S. §3575(1)(A)). "[T]he statute provides a comprehensive, although not exclusive, list of factors to be examined when considering whether a transfer was made with the actual intent to hinder, delay, or defraud a creditor." *Id.* ¶ 5. A factfinder must consider the following factors in determining whether there was intent pursuant to 14 M.R.S. § 3575(1)(A):

A. The transfer or obligation was to an insider;

3

B. The debtor retained possession or control of the property transferred after the transfer;

C. The transfer or obligation was disclosed or concealed;

D. Before the transfer was made or obligation was incurred, the debtor sued or [was] threatened with suit;

E. The transfer was of substantially all the debtor's assets;

F. The debtor absconded;

G. The debtor removed or concealed assets;

H. The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

I. The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

J. The transfer occurred shortly before or shortly after a substantial debt was incurred; and

K. The debtor transferred the essential assets of the business to a lienor who had transferred the assets to an insider to the debtor.

§ 3575(2)(A)-(K). Section 3572(7) defines an "insider" in relevant part as follows: "(A) If the debtor is an individual: . . . (4) A corporation of which the debtor is a director, officer or person in control[,]" and " If the debtor is a corporation: (1) A director of the debtor; (2) An officer of the debtor; (3) A person in control of the debtor[.]" Plaintiff has put forth sufficient facts to show that the transfers were made to an insider.[3] (POSMF ¶¶ 6-12, 15-19, 21-22, 26-27, 31, 38, 40-41, 44-45.)[4] Thus, she has generated at least a genuine issue of material fact as to whether the

---

[3] 14 M.R.S. § 3572(7) defines an "insider" in relevant part as follows, "(A) If the debtor is an individual: . . . (4) A corporation of which the debtor is a director, officer or person in control[,]" and " If the debtor is a corporation: (1) A director of the debtor; (2) An officer of the debtor; (3) A person in control of the debtor[.]"

[4] 14 M.R.S. § 3579(6) provides defenses to finding a transfer was fraudulent pursuant to the act when a transferee is an insider. Parties have not discussed those defenses in their motions. *See also* Garrison City

transfers were fraudulent.

### c. Conversion

A prima facie case of conversion requires plaintiff to establish the following elements:

> (1) [A] showing that the person claiming that his property was converted has a property interest in the property; (2) that he had the right to possession at the time of the alleged conversion; and (3) that the party with the right to possession made a demand for its return that was denied by the holder.

*Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798. Plaintiff argues that defendants converted property in which she had an interest. Her opposition to the motion does not identify the property she believes was converted other than a broad statement that she had a right to rent, possession, and space "resulting from equitable and legal ownership interest as a spouse and owner." (Pl. Opp. MSJ at 10.)

Presumably, plaintiff is referring to rents the LLC received and possession and use of the property ("space") owned by the LLC. There is no evidence that the P.A. owned any property or received any rents. Plaintiff has put forward no evidence to support her claim that she had an interest in "rents" paid to the LLC. "A limited liability company is an entity distinct from its members." 31 M.R.S. § 1504. Members' rights to distributions from a limited liability company are governed by statute and the LLC agreement. *See* 31 M.R.S. § 1554. Plaintiff has not shown that she had a right to the rents at the time of the alleged conversion.

To the extent plaintiff argues she was entitled to possess property owned by the LLC, either as a result of her lease or her status as an LLC member, that claim also fails. First, "no action for conversion would lie for dispossession of an interest in real property." 1 Dan D. Dobbs Et Al., The Law Of Torts § 63 at 174 (2d ed. 2011); *see also Morton v. Burr*, No. BCD-RE-13-03, 2014 Me. Super. LEXIS 266, *38-38 (August 8, 2014). Second, as stated above, an LLC is

---

Broad., Inc. v. York Obstetrics & Gynecology, P.A., 2009 ME 124, 985 A.2d 465 (holding payments of rent form P.A. to LLC were not fraudulent pursuant to UFTA).

5

an entity distinct from its members and members do not have a property interest in the property of the LLC.

### d. 33 M.R.S. § 953

Plaintiff argues defendants are in violation of 33 M.R.S. § 953 (2016). Section 953 states as follows:

> If any one or more of the joint tenants or tenants in common take the whole rents or income in the joint estate or more than their share, without the consent of their cotenants, and refuse for a reasonable time after demand to pay such cotenants their share thereof, any one or more of them may have an action against the refusing cotenants to recover their proportion thereof.

§ 953. However, plaintiff was not a joint tenant[5] or tenant in common[6] with either defendant. The LLC owns the real estate. The P.A. does not own any real property. Therefore, plaintiff fails to establish that section 953 is applicable in this case.

### e. 31 M.R.S. §§ 1001 et seq.

Plaintiff argues she was in a partnership with the defendants pursuant to the Maine Uniform Partnership Act (31 M.R.S. §§ 1001 et seq.) and therefore they owed her a fiduciary duty. Section 1001 defines a partnership as "an an association of 2 or more persons to carry on as co-owners a business for profit formed under section 1022, predecessor law or comparable law of another jurisdiction." 31 M.R.S. §§ 1001. The Law Court held in *Dalton v. Austin* that

---

[5] The Law Court defined a joint tenancy in *Strout v. Burgess* as follows:

> A joint tenancy is a present estate in which both joint tenants are seized in the case of real estate, and possessed in the case of personal property *per my* and *per tout*. One of the characteristics of a joint tenancy is a right of survivorship between the joint tenants, if the joint tenancy is still in existence. The right of survivorship, however, does not pass anything from the deceased joint tenant to the surviving joint tenant. By the very nature of joint tenancy, the title of the first joint tenant who dies terminates with his death, and as both he and his cotenant were possessed and owners *per tout*, that is of the whole, the estate of the survivor continues as before.

144 Me. 263, 68 A.2d 241, 252 (1949).

[6] Black's Law Dictionary defines a tenancy in common as "A property's joint ownership by 2 or more unrelated or related bodies in equal or unequal shares."

"[e]vidence relevant to the existence of a partnership includes evidence of a voluntary contract between two persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business with the understanding that a community of profits will be shared." 432 A.2d 774, 777 (1981).

There is no evidence to support a finding that there was a partnership between plaintiff and either defendant in this case. Therefore, the defendants did not owe plaintiff any duties pursuant to the Uniform Partnership Act.

## III.     Conclusion

In consideration of the foregoing, the defendant's motion for summary judgment is DENIED as to count I or plaintiff's complaint and GRANTED as to the remaining counts.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P.79(a).

DATE: May _11_, 2017

_____
John H. O'Neil, Jr.
Justice, Maine Superior Court

CV-2013-139


ATTORNEY(S) FOR PLAINTIFF


DANA PRESCOTT, ESQ.
PRESCOTT JAMIESON NELSON & MURPHY LLC
PO BOX 1190
SACO ME 04072-1190


ATTORNEY(S) FOR DEFENDANT:


MARGARET LAVOIE, ESQ.
LAVOIE LAW
PO BOX 4801
PORTLAND ME 04101

STATE OF MAINE                         SUPERIOR COURT
YORK, SS.                              DOCKET NO. CV-2013-00139
                                       JON-YOR-11-0774

JOY E. JANVIER,

                    Plaintiff,

        v.                                          **ORDER**

SHAUN JANVIER, DMD, PA, and
JANVIER REALTY LLC,

                    Defendants.

## I.    Background

Joy Janvier and Shaun Janvier were divorced pursuant to a Final Divorce Judgment entered on September 28, 2012. Defendant Shaun Janvier, DMD, PA ("Janvier PA" or "the dental practice") is a Maine Professional Corporation and Defendant Janvier Realty LLC ("Janvier LLC") is a Maine LLC (Janvier PA and Janvier LLC hereinafter referred to collectively as "the businesses"). The businesses are both organized under the laws of Maine; Shaun Janvier is the sole officer and shareholder of Janvier PA and sole manager of Janvier LLC. In the underlying divorce action, the District Court made findings as to the value of the businesses, which were both awarded to Shaun Janvier. (Def.'s Mot. Dismiss Ex. A.) The Law Court affirmed the District Court's conclusion that the dental practice was not marital property subject to equitable division. (Def.'s Mot. Dismiss Ex. B.) This action, brought by Plaintiff Joy Janvier, alleges the businesses engaged in economically oppressive behavior by transferring funds between them,

1

concealing funds and income, and otherwise depriving the Plaintiff of rental income and property. (Compl. 2-3.) Before the court is Defendants' motion to dismiss. M.R. Civ. P. 12(b)(6).

## II. Discussion

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss, the court views the facts in the complaint as admitted, *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830, and then considers whether the complaint "sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Doe v. Graham*, 2009 ME 88, ¶ 2, 977 A.2d 391 (citation omitted). To dismiss for failure to state a claim, the court must determine it is "beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim.'" *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995).

The Defendants move to dismiss, arguing the Plaintiff's claims were or could have been raised in the divorce action and are therefore barred by res judicata.

### B. Res Judicata

"The law is plain that [parties] cannot again come forward in the same legal mission against the same parties to secure a remedy . . . previously denied." *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 7, 940 A.2d 1097. Res judicata consists of two subsidiary doctrines: issue preclusion and claim preclusion. Issue preclusion, or collateral estoppel, "prevents the relitigation of factual issues already decided if 'the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.'" *Machias Sav.*

2

*Bank v. Ramsdell*, 1997 ME 20, ¶ 11, 689 A.2d 595 (citation omitted). Claim preclusion prevents a party from relitigating the same claim where "(1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." *Id.* Courts apply collateral estoppel "on a case-by-case basis." *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 17, 989 A.2d 733.

## 1. Rule 12(b)(6) and Res Judicata

The Plaintiff first contends that the procedural posture of this case precludes dismissal for res judicata. (Pl.'s Obj. Def.'s Mot. Dismiss 2.) This is incorrect. *See Sargent v. Sargent*, 622 A.2d 721, 723 (Me. 1993) ("A Rule 12(b)(6) motion is appropriate to raise the affirmative defense of res judicata only if the facts establishing the defense appear on the face of the complaint.") If facts in the complaint met the res judicata elements above, then dismissal under a Rule 12(b)(6) motion would be appropriate. In *Sargent*, the Law Court went on to note that where "matters outside the pleadings" raise facts outside the complaint, the court has discretion to convert the motion into one for summary judgment under Rule 56. *Id.* n.3. The posture of the Defendants' motion, by itself, does not preclude a ruling on a res judicata defense.

## 2. Res Judicata Does Not, At This Stage, Preclude the Plaintiff's Claims

Defendants argue the central factual issue—whether any economic misconduct surrounding the businesses occurred—was decided by the District Court in the divorce case and is therefore barred here. The Defendants' arguments rest on a single statement from the court's spousal support analysis: "Despite suggestions to the contrary, Defendant court [sic] did not commit economic misconduct." (Def.'s Mot. Dismiss Ex. A

at 7.) Extensive analysis and consideration is not necessary for res judicata to apply. *See Mut. Fire Ins. Co. v. Richardson*, 640 A.2d 205, 208 (Me. 1994) (passing mention of spouse's responsibility for burning down house during alimony analysis sufficient to hold issue precluded under collateral estoppel). Yet questions remain as to the scope of transactions by the businesses and the specific conduct the Plaintiff seeks to recover for in the present litigation.

The Defendants accuse the Plaintiff of attempting to circumvent the District Court's economic misconduct finding under a new legal theory: the businesses rather than Shaun Janvier committed the wrongdoing. *See Norton v. Town of Long Island*, 2005 ME 109, ¶ 18, 883 A.2d 889 (explaining claim preclusion can apply even where the claimant "relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, or involves evidence different from the evidence relevant to the first case") (citation omitted). The Defendants concede that the businesses were not parties to the divorce case, but reason that because Shaun Janvier acts as sole officer and manager, the businesses "are in essence" one and the same. (Def.'s Mot. Dismiss 6.) Thus, in the Defendants' view, the District Court's conclusion Shaun Janvier did not commit economic misconduct precludes the Plaintiff from bringing claims against the businesses for fraudulent transfers, breach of fiduciary duty, and failure to pay income.

As a threshold practical matter, an "entity must be a party to a case in order for the court to have personal jurisdiction." *Howard v. Howard*, 2010 ME 83, ¶ 12, 2 A.3d 318 (holding court lacked personal jurisdiction over non-party LLC in divorce action). In

4

addition to not being parties in the divorce case, the parties agree that the businesses could not have been joined under the rules. M.R. Civ. P. 111 ("The only persons who may be joined as parties to an action under these rules are persons or entities specifically authorized to file or participate in a Family Division action by Title 19-A of the Maine Revised Statutes."); *Howard*, 2010 ME 83, ¶¶ 16-18, 2 A.3d 318 (noting joinder in Family Division cases would be proper under Rule 111 only where the entity in question could have independently filed the action, and ruling LLC at issue could not).

Furthermore, divorce judgments do not necessarily have res judicata effect on subsequent tort actions, even where the same issues might have been raised during the divorce case. *Henriksen v. Cameron*, 622 A.2d 1135, 1141 (Me. 1993) (holding cruel and abusive treatment as a grounds for divorce is separate and distinct from intentional infliction of emotional distress claim). The District Court addressed economic misconduct in the context of spousal support under the alimony statute. 19-A M.R.S. § 951-A(5)(M) (listing economic misconduct "by either party resulting in the diminution of marital property or income" as a factor in awarding spousal support). Economic misconduct within the meaning of the statute can take many forms. *See, e.g., Ramsdell v. Ramsdell*, 1997 ME 14, ¶ 6, 688 A.2d 918 (removing property subject to marital debt from the state); *Quin v. Quinn*, 641 A.2d 180, 182 (Me. 1994) (fraudulent property transfers to third parties); *Richardson*, 640 A.2d at 208 (arson destroying marital property). Economic misconduct contemplates any number of misdeeds depriving a spouse of his or her interest in marital property.

Res judicata does not, at least at this stage, bar the Plaintiff's claims. The factual record in this case has yet to develop. The businesses were not a party to the divorce

5

action, and while the doctrine can be asserted against privies and successors, the District Court did not make distinct factual findings as to the business' conduct. *Cf. Mills v. Mills,* 565 A.2d 323, 324 (Me. 1989) (legal and factual determination ex-spouse was not contractually entitled to alimony expressly decided in prior summary judgment and thus barred by collateral estoppel). The Divorce Judgment and Memorandum of Decision concluded Shaun Janvier, as an individual, committed no economic misconduct as defined under the spousal support statute. The Plaintiff's allegations concern the facts surrounding the separate and distinct conduct of the businesses and the law of fraudulent transfers, joint tenancy, and partnership—issues not before the District Court. Taking the allegations in the complaint as true, the Plaintiff states a claim for which relief may be granted. The Plaintiff need not prove her case at the motion to dismiss stage and should have the opportunity to conduct discovery.

Nonetheless, if after discovery the Plaintiff is unable to come forward with wrongful acts committed by the businesses apart from the allegations rejected by the District Court, summary judgment will be appropriate. Additionally, if the Plaintiff lacked a good faith basis for the allegations contained in the complaint, this court will entertain sanctions and an award of attorney's fees. M.R. Civ. P. 11; *Estate of Dineen,* 1998 ME 268, ¶¶ 11-13, 721 A.2d 185; *Chiappetta v. LeBlond,* 544 A.2d 759, 760 (Me. 1988).

The clerk will make the following entry, by reference, on the docket:

6

The Defendants' Motion to Dismiss is hereby DENIED.


SO ORDERED.


DATE: October ~~October~~ *Nov.* 7, 2014

_____
John O'Neil, Jr.
Justice, Superior Court

CV-13-139

ATTORNEY FOR PLAINTIFF:
DANA E PRESCOTT
PRESCOTT JAMIESON NELSON & MURPHY LLC
PO BOX 1190
SACO ME 04072-1190


ATTORNEY FOR DEFENDANT:
MARGARET LAVOIE
GIVERTZ HAMBLEY SCHEFFEE & LAVOIE PA
PO BOX 4801
PORTLND ME 04112-4801